UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 18-CR-20719-3
        Honorable Thomas L. Ludington

DEVITRI DESHAUNE SANTOS,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

On July 25, 2019, Defendant Devitri Deshaune Santos pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B)(ii). ECF No. 204. On November 8, 2019, he was sentenced to 160 months imprisonment. ECF No. 299. Defendant is currently housed at Federal Correctional Institution, Elkton ("FCI Elkton"), which is near Elkton, Ohio.

Defendant filed a pro se motion for compassionate release due to the spread of COVID-19. ECF No. 387. Due to mailing days caused by COVID-19, the motion was docketed on July 2, 2020, but in accordance with 20-AO-26, the postmark date of June 22, 2020, was used for the filing date. On July 20, 2020, Plaintiff the United States of America (the "Government") filed a response. ECF No. 394.

**I.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the BOP or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). Attached to his motion, Defendant included a letter from Warden Mark K. Williams denying his request for compassionate release. ECF No. 387 at PageID.1758. The Warden's letter is dated April 27, 2020. *Id.* Accordingly, Defendant has exhausted his administrative remedies with the BOP.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Defendant's underlying offense is for conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B)(ii). ECF No. 209. Drug-related offenses are serious and Defendant has only served 20 months of his 160-month sentence.[1] Additionally, this was not his first drug-related offense. According to his Presentence Investigation Report, Defendant has two prior convictions for delivery of narcotics from 1996 and 2008. The 2008 proceeding also involved convictions for felony firearm and felon in possession

---

[1] Accordingly, Defendant's assertions that his time-served is "sufficient" and that he has been rehabilitated are without merit. ECF No. 387 at PageID.1762.

of a firearm. Furthermore, as explained below in Section I.C.2., Defendant poses a danger to others and the community due to his history of drug-related firearm offenses. A consideration of the § 3553 factors indicates that Defendant is not entitled to a sentence reduction.

## C.

The next inquiries to be resolved in addressing Defendant's motion for compassionate release are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13. Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction. Additionally, he has not demonstrated that he is not a danger to the safety of others.

## 1.

The commentary of the policy statement provides additional guidance about which circumstances qualify as having extraordinary and compelling reasons. It provides:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is--
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.--
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. Defendant argues that the spread of COVID-19 throughout the nation qualifies as an extraordinary and compelling circumstance. ECF No. 34 at PageID.176. However, Defendant does not explain how his argument fits within U.S.S.G. § 1B1.13. Though COVID-19 could be considered extraordinary and compelling in the context of public health, Defendant has not

- 5 -

explained how COVID-19 is extraordinary and compelling in the specific context of U.S.S.G. § e.1B1.13. He identifies COVID-19 as a health threat, but the U.S.S.G. policy statement does not provide relief based on potential health risks. Instead, a defendant must have an actual medical condition or a terminal illness.

Defendant's situation does not qualify as "extraordinary and compelling" under subsection (A) of the policy statement commentary. Defendant alleges that he is at "serious risk of illness or death," but his only conditions are a "terribly torn knee" and "extreme hypertension," for which he takes aspirin, amlodipine, and losartan daily. ECF No. 387 at PageID.1763. Defendant states that his knee surgery has been delayed due to COVID-19. *Id.* The Government agrees that Defendant's hypertension and obesity qualify him for release under subsection (A), "given the heightened risk that COVID-19 poses to someone with those medical conditions." ECF No. 394 at PageID.1837-38.

However, Defendant's hypertension is managed with prescription treatment, and the medical staff at FCI Elkton who reviewed Defendant's records disagreed with the Government's assessment. Neither Defendant's hypertension nor knee injury qualify as a terminal illness or condition that substantially diminishes his ability to provide self-care within FCI Elkton. This is true even if Defendant's conditions put him at an elevated risk of contracting COVID-19 or experiencing symptoms therefrom. *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020). Further, Defendant acknowledges that he is receiving treatment for his hypertension, and that, but for COVID-19, he would have received surgery for his knee condition. ECF No. 387 at PageID.1763. The Court nonetheless agrees with the Government that even if Defendant's conditions satisfy subsection (A), compassionate release is unwarranted for other reasons.

Defendant's situation does not qualify as "extraordinary and compelling" under subsection (B) of the policy statement commentary because he is 41 years old. Additionally, he does not qualify under subsection (C) because he is not seeking release in order to care for a spouse or child. Consequently, Defendant has not demonstrated that "extraordinary and compelling" circumstances support his compassionate release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would not be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C.A. § 3142. Consideration of the above factors supports the conclusion that Defendant would be a danger to others and the community if released. According to his Presentence Investigation Report, Defendant has multiple convictions involving delivery of narcotics, stretching back over two decades. In 1996, Defendant was convicted of delivery of cocaine and

possession of marijuana. He was paroled in 1998. Between 1998 and 2008, Defendant was convicted of numerous minor offenses, including possession of marijuana and driving on a revoked license. In 2008, Defendant was convicted of delivery of cocaine, felony firearm, and felon in possession of a firearm. In 2017, Defendant became one of the leaders in a conspiracy to distribute kilogram amounts of cocaine throughout Michigan—the conduct giving rising to the underlying conviction here. Defendant's repeated drug offenses, stretching over two decades and involving the unlawful use of firearms, demonstrate that he would be a danger to others and the community if released.

## II.

Accordingly, Defendant Devitiri Deshaune Santos Motion for Compassionate Release, ECF No. 387, is **DENIED WITH PREJUDICE**.

Dated: August 28, 2020

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Devitri Deshaune Santos #57032-039, FCI ELKTON FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 10, LISBON, OH 44432 by first class U.S. mail on August 28, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager