UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEVITRI DESHAUNE SANTOS,

    *Petitioner*

v.

UNITED STATES OF AMERICA,

    *Respondent.*
_____/

CRIM. CASE NO: 1:18-cr-20719-3
CIV. CASE NO: 1:20-cv-12808

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(ECF No. 422, 446)**[1]

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (ECF No. 446) be **DENIED** and that the civil case be **DISMISSED.**

## II.    REPORT

### A.    Introduction

Pursuant to a Rule 11 plea agreement, Petitioner pleaded guilty to Conspiracy with Intent to Distribute and to Distribute Cocaine in violation of 21 U.S.C. § 846 and 841(a)(1). (ECF No. 204.) A sentencing hearing was held and on November 7, 2019, and a judgment was entered sentencing Petitioner to 160 months incarceration and supervised release for a term of eight years. (ECF No. 299.) Petitioner did not appeal his conviction or sentence. On November 16, 2020, Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255. (ECF No. 446.) The

---

[1] Docket entry 446 is a duplicate of docket entry 422; there is only one motion to vacate but it is found in two different places on the docket.

government responded (ECF No. 457), and Petitioner did not reply but rather sent a letter regarding other motions. (ECF No. 466.) The instant motion has been referred to the undersigned (ECF No. 459) and is ready for report and recommendation.

**B.     Law and Analysis**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what

2

investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Where a claim for ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Utley v. United States*, 2016 WL 337750, at *6 (E.D.

3

Mich. Jan. 28, 2016) (Lawson, J.) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. (citations omitted). However, the Supreme Court has explained that "'*Hill* does not, however, provide the sole means for demonstrating prejudice' . . . . [P]rejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermines confidence in the outcome of the plea process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 487-88 (6th Cir. 2018) (quoting *Missouri v. Frye*, 566 U.S. 134, 141-42 (2012) and citing *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

In the instant case, Petitioner claims that "trial counsel provided ineffective assistance...during the plea bargaining process by failing to inform him of the 'Leadership Role Enhancement' before signing the plea." (ECF No. 446, PageID.2167.) He further states that counsel "violated basic professional norms by failing to discuss potential that a leadership role inclusion in the plea agreement could, and most likely would adversely affect his sentence. No where in the Rule 11 Plea Agreement do the words leader or leadership role appear. Petitioner did not knowingly or voluntarily plead guilty because he was never made aware of the leadership role enhancement." (ECF No. 446, PageID.2168.) Petitioner concludes that "if counsel had discussed the potential enhancement, Petitioner would have opted for trial." (ECF No. 446, PageID.2169.) Petitioner asks the Court to "vacate, correct or set aside the Rule 11 Plea Agreement." (ECF No. 446, PageID.2166.) He also asks that the "guilty plea and sentence be vacated[.]" (ECF No. 446, PageID.2167.)

To the extent Petitioner claims that his plea was not knowing or voluntary, the record belies such a claim. When asked whether he felt like he had sufficient time to go over the plea agreement with his attorney, whether he understood the terms of the plea agreement, and whether he was satisfied with his attorney's advice, Petitioner responded, "Yes." (ECF No. 301, PageID.1121.) Petitioner was told that if he had any questions about the terms of the plea agreement or how the terms could affect him or what consequences could flow from the terms of the agreement that he should bring them before the court that day and Petitioner indicated that he would. (ECF No. 301, PageID.1130.) Petitioner was informed that he was giving up his right to appeal his sentence as long as the sentencing judge did not sentence him any higher than the top of the applicable guideline range. (ECF No. 301,PageID.1131.) Petitioner was reminded that if there was a dispute about what that range was, his attorney would argue that the appropriate range should be 151 to 188 months and the government would argue that the correct range should be 188 to 235 months based on an enhancement for possessing a weapon but that the sentencing judge would make that determination and that Petitioner would not be able to withdraw his plea or withdraw form the agreement as long as he did not get sentenced any higher than the top of the applicable guideline range. (ECF No. 301, PageID.1131.) Petitioner was further informed that the sentencing judge would chose the appropriate guideline range and that "whichever one he picks is the one that's going to stand and you [Petitioner] won't be able to challenge his decision." (ECF No. 301, PageID.1131-1132.) Petitioner indicated that he understood. (ECF No. 301, PageID.1132.) Petitioner was sentenced to 160 months, well within the guideline range that Petitioner argued for, i.e., 151 to 188 months.

Petitioner's sworn statements as to his understanding of the plea agreement, the possible consequences, the rights he had and those he indicated he would be willing to give up, and the voluntariness of his plea, cannot be undone with such conclusory assertions as stated in Petitioner's motion. *Warfield v. United States*, 2011 WL 4436520, at *5 (W.D. Ky. Aug. 19, 2011) (Petitioner's "ineffective assistance claim fails because his bare assertions in support are not credible in light of his sworn statements during the change of plea hearing." (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977))). Even if Petitioner's allegations rose above the conclusory, the result would be the same. Where, as here, the court "has scrupulously followed the required procedure [under Rule 11], the defendant is bound by his statements in response to the Court's inquiry." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993). Since courts must be able to rely on a defendant's statements during a plea colloquy, "allegations in a §2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Barnett v. United States*, Nos. 2:10-CR-116, 2:14-CV-216, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citation omitted). Therefore, I suggest that any claims regarding the plea taking process must fail as his arguments are contradicted by his statements during the plea colloquy.

As to Petitioner's main argument that he was completely unaware of the leadership role adjustment, the plea agreement also contained the sentencing guideline worksheets and although the words "leadership role" are not used, there was a "role in the offense adjustment" of an additional 4 points to the offense level based on U.S.S.G. §3B1.1(a) which applies "[i]f the defendant was an organizer or leader of criminal activity that involved five or more participants[.]" Petitioner's plea agreement included an admission that he was an "organizer of one or more

6

participants in the conspiracy...[that] involved five or more participants" and that role was again mentioned during the plea hearing. (ECF No. 204, PageID.674; ECF No. 301, PageID.1135.) Thus, the reference to Petitioner's offense level being increased based on his "leadership role" was expressly addressed in the plea agreement itself, in the attached worksheets to the plea agreement, and again in the plea hearing. (ECF No. 204, PageID.684.) Even if Petitioner did not know that "role in the offense" was synonymous with "leadership role" or of being an "organizer", he was aware of the four point adjustment that he was to receive for his role; therefore, it is unlikely that the mere addition of the word "leadership" to the already known "role in the offense adjustment" would have caused him to opt for trial. I therefore find that Petitioner cannot establish prejudice for any alleged gaps in counsel's advice. *Utley* and *Hill*, supra. This is especially so where, as here, Petitioner was sentenced to 160 months and at the plea hearing anticipated the possibility of being sentenced to either some measure between 151 to 188 months (as his counsel would argue) or 188 to 235 months (as government counsel would argue). He was well aware of the potential for the sentence he received as well as the real possibility of a much higher sentence. Thus, he suffered no prejudice from the omission of the additional word "leadership" to the adjustment for his role in the offense of which he was well aware via the plea agreement, the attached worksheets to the plea agreement, and answers given at the plea hearing.

Accordingly, I suggest that Petitioner's arguments regarding ineffective assistance of counsel are without merit.[2]

---

[2] I also note that these conclusions are supported by the affidavit of Petitioner's trial counsel wherein he attests that not only was the leadership role discussed with Petitioner, but also that Petitioner asked for counsel to negotiate with government counsel to remove that adjustment, and that counsel unsuccessfully attempted to achieve that result. (ECF No. 457, PageID.2250.) I note this rather than rely on it because I find that the record itself is sufficient to render Petitioner's arguments groundless.

### C. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### D. Conclusion

For all the reasons stated above, I recommend that the Court deny Petitioner's motion to vacate sentence. (ECF No. 422, 446.)

8

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 9, 2021        S/ PATRICIA T. MORRIS
                              Patricia T. Morris
                              United States Magistrate Judge