UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEVITRI DESHAUNE SANTOS,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 18-CR-20719
CIVIL CASE NO. 20-CV-12808

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PETITIONER'S MOTION FOR LEAVE TO AMEND OBJECTIONS (ECF No. 490),
MOTION TO APPOINT COUNSEL (ECF No. 489),
MOTION FOR DISCOVERY MATERIALS (ECF No. 505),
and RESPONDENT'S MOTION TO STRIKE NEW ALLEGATIONS (ECF No. 481)**

I. **RECOMMENDATION**[1]

For the following reasons, **IT IS RECOMMENDED** that this Court **DENY** Petitioner's Motion to Appoint Counsel (ECF No. 489), **DENY** Petitioner's Motion to Amend (ECF No. 490), **DENY** Respondent's Motion to Strike (ECF No. 481), and **DENY** Petitioner's Motion for Discovery Materials (ECF No. 505).

II. **REPORT**

    A. Introduction

Petitioner timely filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on November 16, 2020. (ECF No. 446.)[2] On January 11, 2021, Respondent filed a

---

[1] The undersigned acknowledges that it is unusual to review objections to her own Report and Recommendation. Nonetheless, as these Motions were referred to the undersigned by the Court, they will be analyzed as such and the undersigned will make recommendations as appropriate.

[2] I note that docket entry 446 is a duplicate of docket entry 422, which was filed on September 21, 2020. There is only one motion to vacate but it is found in two different places on the docket. As in the undersigned's prior

response to Petitioner's Motion. (ECF No. 457.) The undersigned filed a Report and Recommendation on Petitioner's initial Motion on February 9, 2021, (ECF No. 469), to which Petitioner filed objections (ECF No. 478) and a ruling from the District Judge is still pending.

On March 17, 2021, Respondent filed the present Motion to strike new allegations raised in Petitioner's objections to the Report and Recommendation. (ECF No. 481.) Then, on March 29, 2021, Petitioner filed the present Motions for appointment of counsel (ECF No. 489) and for leave to amend. (ECF No. 490.) Respondent responded to Petitioner's Motion to Amend on April 19, 2021. (ECF No. 494), and Petitioner replied. (ECF No. 496.) On May 26, 2021, Petitioner filed the present Motion for discovery material. (ECF No. 505.)

All the above motions have been referred to the undersigned and are ready for Report and Recommendations without oral argument. (ECF Nos. 493, 506.) *See* E.D. Mich. LR 7.1(f)(2).

### B. Background

Pursuant to a Rule 11 plea agreement, Petitioner pleaded guilty to Conspiracy with Intent to Distribute and to Distribute Cocaine in violation of 21 U.S.C. § 846 and 841(a)(1). (ECF No. 204.) A sentencing hearing was held and on November 7, 2019, and a judgment was entered sentencing Petitioner to 160 months incarceration and supervised release for a term of eight years. (ECF No. 299.) Petitioner did not appeal his conviction or sentence.

### C. Analysis

#### 1. Petitioner's Motion to Appoint Counsel

---

Report and Recommendation, this analysis will rely on the date in docket entry 446. (*See* ECF No. 469, PageID.2279.)

Petitioner requests appointment of counsel. (ECF No. 489.) In his Motion, he argues that he needs counsel "due to the complexity of the issues in this action and the fact that he is a layman of the law, and would be overwhelmed by the proceedings." (*Id*. at PageID.2613.)

Those seeking habeas relief have "no absolute right to be represented by counsel." *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004). As the Supreme Court has held, the Constitution "guarantees no right to counsel on habeas." *Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Section 2255 permits the court to appoint counsel pursuant to 18 U.S.C. § 3006A. 28 U.S.C. § 2255(g). Section 3006A, in turn, requires district courts to establish a plan that furnishes counsel to § 2255 movants if they are financially eligible and "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

Therefore, the court has discretion to appoint counsel and must do so only in the interest of justice or where due process requires. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). In exceptional cases, the appointment may be justified if the petitioner "has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." *Id*. at 788. Other relevant factors include the complexity of the case and the petitioner's ability to present his or her claims. *Sellers*, 316 F. Supp. 2d at 522.

The several Motions that Petitioner has filed, and that are analyzed in this Report, demonstrate that he has the ability to clearly state his claims. His Motion for Appointment of Counsel clearly presents the relevant standards. His Motion to Amend is presented in a clear and organized manner, citing to the proper Federal Rule of Civil Procedure, and his Motion for

3

Discovery Materials is similarly clear and comprehendible. Even his filed objections to the undersigned's prior Report and Recommendation are clear, well-organized, and cite to relevant case law and statutes. (ECF No. 478.) His Motions present substantive legal grounds and provide supporting factual allegations. Furthermore, the Court does not find the factual or legal issues to be complex, and Petitioner has not articulated any other exceptional circumstances which would now justify appointing counsel.

Thus, I recommend denying Petitioner's Motion for Appointment of Counsel.

### 2.     Petitioner's Motion to Amend

Petitioner also moves to amend his objections to the undersigned's prior Report and Recommendation. (ECF No. 490). Petitioner requests leave to amend his objections to "reflect the grounds that were misconstrue[d] as new allegations in support to the ineffective assistance of counsel claim in this action." (ECF No. 490, PageID.2616). He further argues that he "mistakenly omitted details in his prior objections regarding his ineffective assistance of counsel claims." (*Id.*)

The content of his original motion, his original objections, and his proposed amendments are pertinent. In his original motion, Petitioner advances that his counsel was ineffective by failing to inform him of the "leadership role enhancement." (ECF No. 446, PageID.2167, 2168.) He argues that "trial counsel never analyzed nor discussed a potential leadership role enhancement. If counsel had discussed the potential enhancement, Petitioner would have opted for trial." (*Id.* at PageID.2169.)

In contrast, in his objections to the undersigned's prior Report and Recommendation, Petitioner appears to raise three issues: 1) that his counsel was ineffective for failing to object to

4

Petitioner's enhancement as an organizer or leader of criminal activity, and "the district court did not ground its decision for the enhancement in the necessary factual finding that [Petitioner] managed or supervised other people" (ECF No. 478, PageID.2316); 2) that his counsel was ineffective for failing to file an appeal "as he was explicitly requested to do" (*Id*.); and 3) that his counsel was ineffective for "failing to object to the Section 851 enhancement, because at sentencing [Petitioner] did not qualify for a Section 851 based on a drug conviction for which, he was sentenced to only a time of probation and no jail time." (*Id*.)

In the present Motion to Amend, Petitioner does not identify precisely what he seeks to amend to his above objections. He provides only that "Petitioner mistakenly omitted details in his prior objections regarding his ineffective assistance of counsel claims" and does not elaborate on the clarifications he intends to make. (ECF No. 490, PageID.2616.)

Respondent opposes this Motion. (ECF No. 494.) Respondent argues that an amendment brought at this time is untimely—specifically, Respondent states,

> Santos' limitations period for filing motions under 28 U.S.C. § 2255 has expired. The Antiterrorism and Effective Death Penalty Act (AEDPA) established a limitations period for filing motions under 28 U.S.C. § 2255. The AEDPA provides, in relevant part, that a § 2255 motion must be filed within one year from "the date on which the judgment of conviction becomes final." Santos' conviction became final on November 22, 2019, and he therefore had until November 22, 2020, to file a § 2255 petition.

(ECF No. 494, PageID.2624.)

First, I turn to the argument regarding Petitioner's "leadership role," and whether he should be allowed leave to amend this objection.

5

In *McDougald v. Erdos*, No. 17-cv-00464, 2018 WL 4573287, at *2 (S.D. Oh. Sept. 25, 2018), the court considered whether the plaintiff showed good cause to amend an objection to a Report and Recommendation, and considered the timing of the motion:

> Plaintiff also filed a Motion to Amend his Objections to the pending R&R and states that he mistakenly omitted details in his prior Objections regarding his Fourteenth Amendment claim. (Doc. 33). The Court is not convinced that Plaintiff has shown good cause as to why he should be allowed to amend his Objections an additional 63 days after his Objections were due.

And in *Borden v. United States*, No. 15-cr-00004, 2019 WL 5063830, at *5 (W.D. Ky. Oct. 9, 2019), the court similarly considered the amendment of an objection:

> Borden additionally asks this Court for permission to amend or supplement his objections. (Def.'s Mot. Am. Obj. 1, DN 452). Borden offers nothing to support this motion beyond noting that he is blind and is not currently represented by counsel. Moreover, Borden has already received an extension of time to respond, which allowed him over 90 days to file his objections to the R&R. (Order 1, DN 429). Borden, in turn, took advantage of this extension and filed eight separate objections. (DN 440-447). These facts do not convince the Court that additional time to file objections is needed.

These cases are analogous to the one at hand. As in *McDougald*, here, Petitioner's amendment comes beyond the deadline to file objections—the deadline for objections to the Report and Recommendation was on March 19, 2021. (ECF No. 476.) The motion to amend the objections was filed on March 29, 2021. (ECF No. 490.) While it is only a 10-day difference, instead of a 63-day difference in *McDougald*, the motion comes late, nevertheless. And as in *Borden*, neither does Petitioner here offer any additional evidence that would support his "leadership role" claim. He filed his objection regarding his perception of the undersigned's analysis, but the fact remains that neither his objection nor his motion to amend the objection provide any additional

6

information that would change said analysis—in other words, he has provided nothing that would change the fact that "the reference to Petitioner's offense level being increased based on his 'leadership role' was expressly addressed in the plea agreement itself, in the attached worksheets to the plea agreement, and again in the plea hearing." (ECF No. 469, PageID.2285) (citing ECF No. 204, PageID.674; ECF No. 301, PageID.1135).

In contrast, consider *Clark v. Palmer*, No. 15-cv-1324, 2016 WL 4987174, at *1 (W.D. Mich. Sept. 15, 2016), in which the court considered whether an amendment to an objection caused undue prejudice:

> He moves to amend his initial factual assertions to provide evidence supporting his objections to the Report and Recommendation, and his argument for equitable tolling []. Respondent has not filed a response opposing Petitioner's motion. There appears to be no undue prejudice to Respondent, and it is necessary to have the correct facts presented in Petitioner's objections to assure a proper ruling in this habeas case.

The present motion is distinguishable from that in *Clark*. There, the respondent did not dispute the motion and the court found it needed the "correct facts" as presented in the petitioner's objections. Here, Respondent has filed a response opposing this motion, and in addition, the undersigned suggests there are no new "facts" that could be gleaned from an amendment on this matter—indeed, as stated, the leadership role was mentioned in the plea agreement, the worksheets attached to the plea agreement, and in the plea hearing. (ECF No. 469, PageID.2285) (citing ECF No. 204, PageID.674; ECF No. 301, PageID.1135.) I suggest this motion for amendment should be denied.

Next, as to the allegations regarding Section 851 and his failure to appeal, and as Respondent notes in its own Motion, the undersigned recommends that this Motion be denied

because "[t]he general rule is that district judges will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation." (ECF No. 481, PageID.2339-40) (citing *Moore v. United States*, No. 14-114, 2016 WL 4708947, *2 (E.D. Ky. September 8, 2016)). The allegations raised in Petitioner's objections regarding Section 851 or his request to appeal appear for the first time in his objection to the Report and Recommendation. Indeed, the Sixth Circuit has held the following:

> Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.

*Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir, 2000) (citation omitted). The arguments raised in Petitioner's objections regarding Section 851 and his appeal, or lack thereof, were raised for the first time in objections to the Report and Recommendation. Because those issues were not considered by the undersigned magistrate judge and would generally not be "entertained," I suggest that allowing any amendment to them would be futile. *Moore*, 2016 WL 4708947, at *2. I suggest the Court deny the request to amend those two arguments on this basis.

Thus, I recommend that the Motion to Amend Petitioner's objections be denied.

### 3. Respondent's Motion to Strike Petitioner's New Allegations

Respondent moves to strike the new allegations raised in Petitioner's objections. As discussed above, any amendment to those objections that are new allegations, including the

Section 851 enhancement and the failure to file an appeal, and also that Petitioner had a "buyer/seller" relationship as opposed to a leadership role, are untimely.

*United States v. Smith* is guiding:

> Having found that Smith's motion to amend should not be granted, the Court must now determine whether to recommend striking or denying that motion. The Federal Rules of Civil Procedure refer to "striking" in Rules 12, 26, and 37, though only Rule 12(f) refers to motions to strike, and thus is the only provision relevant here. Pursuant to Rule 12(f), a party may request, or the court may act on its own, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). The government has not pointed to any redundant, immaterial, impertinent, or scandalous statements in Smith's motion to amend which would merit striking a portion of her pleading pursuant to Rule 12. While it is true that Smith's new allegations are untimely and thus cannot be appended to her § 2255 motion, the mere fact that a motion is unsupported by law does not render the contents of the motion worthy of being stricken from the docket. While the government moves to strike only certain "issues" within Smith's motion rather than the motion itself, Rule 12(f) contemplates only the striking of pleadings, not motions. *See F.D.I.C. v. Werner*, No. 08–CV–2336, 2010 WL 796770, at *1 (N.D. Ohio Mar. 3, 2010) ("While some courts have employed Fed. R. Civ. P. 12(f) to strike an affidavit or a brief, or portions thereof, there is no basis in the Federal Rules for doing so."); *Dombrovski v. Sirius Int'l Ins. Corp.*, No. 1:07CV0379, 2007 WL 2624804, at *3 (N.D. Ohio Sept. 6, 2007) (concluding that a motion is not a pleading, and thus may not be stricken under Rule 12(f)).

2016 WL 491837, at *3. As in *Smith*, here, the outcome of the prior analysis recommending denial of these amendments is the same as the relief that Respondent requests—indeed, "[t]he outcomes of striking Smith's new allegations or denying her motion to amend in its entirety are practically identical, insofar as the issues newly raised by Smith will not be considered in the determination of her § 2255 motion either way." *Smith*, 2016 WL 491837, at *3. Thus, I recommend denying Respondent's Motion to Strike.

9

### 4. Petitioner's Motion for Discovery Materials

Plaintiff also moves for "discovery materials"; he requests that the "Office of the Clerk" provide "disclosure of discovery material." (ECF No. 505, PageID.2643.) He writes, "the [Petitioner], before accepting the Government's plea deal, had informed his then trial counsel, numerous times for his discovery material, which he did not do either of the times informed to do so." (*Id.*) This Motion, which is one paragraph in length, does not explain what discovery material Petitioner is seeking.

Although he proceeds *pro se*, Petitioner must still follow the procedural rules for conducting discovery. *Thatcher v. Warden, Lebanon Correctional Inst.*, No. 12-cv-470, 2012 WL 5496503, at *2 (S.D. Oh. Nov. 13, 2012) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that pro se litigants are not exempt from the requirements of procedural rules in ordinary civil litigation). "Discovery requests must be served directly on a party, without filing such requests in Court." *Thatcher*, 2012 WL 5496503, at *2 (citing Federal Rule of Civil Procedure 5(d)(1) ("discovery requests and responses must not be filed until they are used in the proceeding ... [including] requests for documents." ))

"Only if a defendant fails to timely produce requested discovery may a plaintiff seek the intervention of the court to obtain discovery." *Thatcher*, 2012 WL 5496503, at *2. And prior to filing a motion to compel production of discovery, the party seeking discovery must comply with relevant Federal Rules of Civil Procedure as well as with relevant Local Rules. Federal Rule of Civil Procedure 37 requires "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing

to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In addition, Local Rule 37.2 of this Court requires that a discovery motion "shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." LR 37.2.

These rules "require a litigant to fully exhaust efforts to resolve a discovery dispute without court assistance, and to verify his attempts by filing a detailed certification of the same along with his memorandum outlining the nature of the dispute." *Thatcher*, 2012 WL 5496503, at *2.

Petitioner has failed to follow these rules. He indicates that his former trial counsel apparently attempted to obtain some "discovery materials," but in the present civil action, it does not appear that Petitioner has attempted to communicate with Respondent regarding his sought-after materials. Further, Petitioner does not outline or explain what materials he is seeking—this Court cannot grant such a Motion where the materials requested are not even remotely outlined.

Thus, I suggest that this Court deny this Motion.

### D.  Conclusion

For the reasons described herein, I recommend that this Court **DENY** Petitioner's Motion to Appoint Counsel (ECF No. 489), **DENY** Petitioner's Motion to Amend (ECF No. 490), **DENY** Respondent's Motion to Strike (ECF No. 481), and **DENY** Petitioner's Motion for Discovery Materials (ECF No. 505).

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 5, 2021                                S/ PATRICIA T. MORRIS

Patricia T. Morris
United States Magistrate Judge