UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff-Respondent,                    Case No. 1:18-cr-20719-3

v.                                                           Honorable Thomas L. Ludington
                                                             United States District Judge
DEVITRI DESHAUNE SANTOS,

                    Defendant-Petitioner.
_____/

**OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS, DENYING ALL PENDING MOTIONS, AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before this Court upon Magistrate Judge Morris's October 5, 2021 Report and Recommendation, ECF No. 524, and her February 9, 2021 Report and Recommendation, ECF No. 469. On September 21, 2020, Petitioner Devitri Deshaune Santos filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 446. The Motion was referred to Magistrate Judge Patricia T. Morris, who recommended that it be denied. ECF No. 469. Petitioner objected to Judge Morris's Report and filed motions to appoint counsel, to amend his objections, and for discovery materials. *See* ECF Nos. 478; 489; 490; 505. In response, the Government filed a motion to strike Petitioner's new allegations. ECF No. 481. All four motions were referred to Judge Morris, who recommended that they be denied. ECF No. 524. Petitioner has since objected to Judge Morris's second Report. ECF No. 529. For the reasons stated hereafter, Petitioner's objections will be overruled, Judge Morris's two Reports and Recommendations will be adopted, all five motions will be denied, and a certificate of appealability will be denied.

## I.

### A.

On October 24, 2018, Petitioner Devitri Deshaune Santos was indicted for multiple drug-trafficking offenses. ECF No. 1. The Government alleges that he and nine codefendants had conspired to distribute substantial quantities of cocaine and heroin throughout the Eastern District of Michigan. *See id.*

On July 25, 2019, Petitioner executed a Rule 11 plea agreement in which he agreed to plead guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 204. The agreement stipulates:

> As part of the conspiracy, [Petitioner] conspired to obtain kilograms of cocaine from various suppliers across the State of Michigan for distribution to other members of the conspiracy and for subsequent re-distribution to cocaine dealers in the Eastern District of Michigan. Defendant acknowledges that he was an organizer of one or more of the participants in the conspiracy to distribute cocaine and that the conspiracy to distribute cocaine involved five or more participants.

*Id.* at PageID.674. Further, the parties stipulated that "neither party [would] take a position concerning the applicable guidelines that [was] different from any position of that party reflected in the attached worksheets." *Id.* at PageID.676. The parties also stipulated to a base offense level of 30 and a four-level leadership enhancement under USSG § 3B1.1(a). *Id.* at PageID.684. The parties' only disagreement was whether a two-level firearm enhancement under USSG § 2D1.1(b)(1) was appropriate. *Id.* at PageID.675, 684. Accordingly, as part of the agreement, the Government recommended a Guidelines range of 188 to 235 months; Petitioner recommended 151 to 188 months. *Id.*

On July 25, 2019, Petitioner pleaded guilty before Judge Morris. ECF No. 301. During their colloquy, Petitioner confirmed that he had reviewed the plea agreement with counsel, that he understood the terms of the agreement, and that he was satisfied with counsel's advice. *Id.* at

PageID.1121. On November 8, 2019, Petitioner was sentenced to 160 months' incarceration and eight years' supervised release. ECF No. 299. Petitioner did not appeal his sentence.

**B.**

On September 21, 2020, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel.[1] ECF No. 422. The motion was referred to Judge Morris, who, on February 9, 2021, issued a report recommending that the motion be denied. ECF No. 469. Judge Morris summarized Petitioner's allegations as follows:

> In the instant case, Petitioner claims that "trial counsel provided ineffective assistance . . . during the plea bargaining process by failing to inform him of the 'Leadership Role Enhancement' before signing the plea." (ECF No. 446, PageID.2167.) He further states that counsel "violated basic professional norms by failing to discuss potential that a leadership role inclusion in the plea agreement could, and most likely would adversely affect his sentence. Nowhere in the Rule 11 Plea Agreement do the words leader or leadership role appear. Petitioner did not knowingly or voluntarily plead guilty because he was never made aware of the leadership role enhancement." (ECF No. 446, PageID.2168.) Petitioner concludes that "if counsel had discussed he potential enhancement, Petitioner would have opted for trial." (ECF No. 446, PageID.2169.) Petitioner asks the Court to "vacate, correct or set aside the Rule 11 Plea Agreement." (ECF No.446, PageID.2166.) He also asks that the "guilty plea and sentence be vacated[.]" (ECF No. 446, PageID.2167.)

ECF No. 469 at PageID.2282. After reviewing the record, Judge Morris recommended that Petitioner's Motion be denied. First, she explained that Petitioner's statements during the plea colloquy undermined any claim that his plea was unknowing or involuntary.:

> To the extent Petitioner claims that his plea was not knowing or voluntary, the record belies such a claim. When asked whether he felt like he had sufficient time to go over the plea agreement with his attorney, whether he understood the terms of the plea agreement, and whether he was satisfied with his attorney's advice, Petitioner responded, "Yes." (ECF No. 301, PageID.1121.) Petitioner was told that if he had any questions about the terms of the plea agreement or how the terms could affect him or what consequences could flow from the terms of the

---

[1] For unknown reasons, Petitioner filed a duplicate motion to vacate on November 16, 2020. ECF No. 446. As Judge Morris explains in the first report, "there is only one motion to vacate but it is found in two different places on the docket." ECF No. 469 at PageID.2279 n.1.

agreement that he should bring them before the court that day and Petitioner indicated that he would. (ECF No. 301, PageID.1130.) Petitioner was informed that he was giving up his right to appeal his sentence as long as the sentencing judge did not sentence him any higher than the top of the applicable guideline range. (ECF No. 301, PageID.1131.) Petitioner was reminded that if there was a dispute about what that range was, his attorney would argue that the appropriate range should be 151 to188 months and the government would argue that the correct range should be 188 to 235 months based on an enhancement for possessing a weapon but that the sentencing judge would make that determination and that Petitioner would not be able to withdraw his plea or withdraw [from] the agreement as long as he did not get sentenced any higher than the top of the applicable guideline range. (ECF No. 301, PageID.1131.) Petitioner was further informed that the sentencing judge would chose the appropriate guideline range and that "whichever one he picks is the one that's going to stand and you [Petitioner] won't be able to challenge his decision." (ECF No. 301, PageID.1131-1132.) Petitioner indicated that he understood. (ECF No. 301, PageID.1132.) Petitioner was sentenced to 160 months, well within the guideline range that Petitioner argued for, i.e., 151 to 188 months.

Petitioner's sworn statements as to his understanding of the plea agreement, the possible consequences, the rights he had and those he indicated he would be willing to give up, and the voluntariness of his plea, cannot be undone with such conclusory assertions as stated in Petitioner's motion. *Warfield v. United States*, 2011 WL 4436520, at *5 (W.D. Ky. Aug. 19, 2011) (Petitioner's "ineffective assistance claim fails because his bare assertions in support are not credible in light of his sworn statements during the change of plea hearing." (citing *Blackledge v. Allison*, 431 U.S.63, 74 (1977))).

ECF No. 469 at PageID.2283–84. Next, as to the leadership enhancement, Judge Morris found that Petitioner must have known of the enhancement because it was specifically referenced in the sentencing worksheets:

As to Petitioner's main argument that he was completely unaware of the leadership role adjustment, the plea agreement also contained the sentencing guideline worksheets and although the words "leadership role" are not used, there was a "role in the offense adjustment" of an additional 4 points to the offense level based on U.S.S.G. §3B1.1(a) which applies "[i]f the defendant was an organizer or leader of criminal activity that involved five or more participants[.]" Petitioner's plea agreement included an admission that he was an "organizer of one or more participants in the conspiracy...[that] involved five or more participants" and that role was again mentioned during the plea hearing. (ECF No. 204, PageID.674; ECF No. 301, PageID.1135.) Thus, the reference to Petitioner's offense level being increased based on his "leadership role" was expressly addressed in the plea agreement itself, in the attached worksheets to the plea agreement, and again in the plea hearing. (ECF No. 204, PageID.684.) Even if Petitioner did not know that "role

in the offense" was synonymous with "leadership role" or of being an "organizer", he was aware of the four point adjustment that he was to receive for his role; therefore, it is unlikely that the mere addition of the word "leadership" to the already known "role in the offense adjustment" would have caused him to opt for trial. I therefore find that Petitioner cannot establish prejudice for any alleged gaps in counsel's advice. *Utley* and *Hill*, *supra*. This is especially so where, as here, Petitioner was sentenced to 160 months and at the plea hearing anticipated the possibility of being sentenced to either some measure between 151 to 188 months (as his counsel would argue) or 188 to 235 months (as government counsel would argue). He was well aware of the potential for the sentence he received as well as the real possibility of a much higher sentence. Thus, he suffered no prejudice from the omission of the additional word "leadership" to the adjustment for his role in the offense of which he was well aware via the plea agreement, the attached worksheets to the plea agreement, and answers given at the plea hearing.

ECF No. 469 at PageID.2284–85. Ultimately, Judge Morris concluded that a hearing under § 2255(b) was unnecessary, as "there [was] no material factual dispute that a hearing could address." *Id.* at PageID.2286.

## C.

On March 1, 2021, Petitioner filed timely objections to Judge Morris's report. *See* ECF No. 478. But instead of presenting ordinary objections,[2] Petitioner presented three new arguments for why trial counsel was ineffective: (1) the failure to object to the leadership enhancement; (2) the failure to object to an "851 enhancement";[3] and (3) the failure to file an appeal as directed. *See id.* at PageID.2315–16. Petitioner also argued for the first time that this Court abused its discretion in applying the leadership enhancement because it did not specifically "find[] that [Petitioner] managed or supervised other people." *Id.* at PageID.2316.

---

[2] The report advised Petitioner of his right to file "specific written objections" and explained that "[a]ny objection must recite precisely the provision of [the report] to which it pertains." ECF No. 469 at PageID.2287.

[3] The term "851 enhancement" refers to a sentencing enhancement for a controlled-substance offense based on one or more prior convictions. *See* 21 U.S.C. § 851(a) (requiring the Government to file an information regarding prior conviction before seeking enhanced penalty).

In response, the Government filed a motion to strike the Petitioner's new objections. ECF No. 481. The Government correctly notes that parties may not raise new arguments in objections to a magistrate judge's report, and that Petitioner's one-year limitation period to file a motion to vacate had expired on November 22, 2020. *Id.* at PageID.2339–40 (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Petitioner did not respond to the Government's Motion to Strike. He did, however, file three more motions: (1) for appointment of counsel,[4] (2) for leave to amend his objections,[5] and (3) for discovery materials.[6]

Petitioner's Motion for Leave to Amend initially caused a great deal of confusion. The title and substance of the motion suggest that Petitioner wants to amend his objections. *See* ECF No. 490 (entitled "Motion for Leave to Amend Petitioner's Objections"); *see id.* at PageID.2616 (claiming "Petitioner mistakenly omitted details in his prior objections regarding his ineffective assistance of counsel claims"). But the first sentence of the motion stated that Petitioner was "requesting the Court's permission for leave to amend the *section 2255 motion*." *Id.* (emphasis added). Consequently, the Government responded by noting, once again, that the one-year limitation under to file under § 2255 had expired. ECF No. 494 at PageID.2625. Petitioner later clarified that the mention of amending the motion to vacate was "inadvertent." ECF No. 496 at PageID.2627. Indeed, he was "not requesting to file an amended section 2255 petition," but rather to "amend his objections." *Id.* at PageID.2627–28.

### D.

All four motions were referred to Judge Morris. ECF Nos. 493; 506. On October 5, 2021, Judge Morris recommended that all four motions be denied. ECF No. 524.

---

[4] ECF No. 489.
[5] ECF No. 490.
[6] ECF No. 505.

First, regarding Petitioner's Motion for Appointment of Counsel, Judge Morris noted that "those seeking habeas relief have 'no absolute right to be represented by counsel.'" *Id.* at PageID.2782 (quoting *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004)). And because Petitioner had filed several "clear and comprehensible" motions but not articulated any exceptional circumstances, it was unnecessary to appoint counsel. *Id.* at PageID.2782–83.

Second, as to Petitioner's Motion for Leave to Amend, Judge Morris found that any proposed amendment to the objections would be futile, because the objections raised new arguments that would be deemed waived. *See* ECF No. 524 at PageID.2787 (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). She also noted that Petitioner had not identified the additional "details" that he intended to include. *Id.* at PageID.2784.

Next, regarding Petitioner's Motion for Discovery Materials, Judge Morris explained that even though Petitioner was proceeding pro se, he remained subject to the rules of discovery. ECF No. 524 at PageID.2789 (citing *McNeil v. United States*, 508 U.S. 106, 113, 113 (1993)). In this way, Petitioner was required to serve any discovery requests on the Government before filing a motion to compel. *See id.* at PageID.2789–90. But there was no evidence that Petitioner had ever shared his request with the Government. *Id.* at PageID.2790. And his motion did not "outline or explain what materials he [was] seeking." *Id.*

Finally, as to the Government's Motion to Strike, Judge Morris found that striking Petitioner's new allegations would be superfluous because such allegations would be deemed waived. *Id.* at PageID.2788.

On October 13, 2021, Petitioner filed timely objections to Judge Morris's second report. ECF No. 529. The Government has not filed a response.

## II.

A party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2).  Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the court may not act solely based on the magistrate judge's report and recommendation. *See Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's findings or recommendations. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Hum. Servs*., 932 F.2d 505, 509 (6th Cir. 1991).

## III.

As discussed in Part I, *supra*, this Opinion and Order addresses Petitioner's objections to two separate reports and recommendations: Judge Morris's February 9, 2021 Report and

- 8 -

Recommendation (the "First Report") and Judge Morris's October 5, 2021 Report and Recommendation (the "Second Report"). Each set of objections is addressed in turn below.

### A.

Petitioner's objections to the First Report will be overruled because they consist of new arguments not raised with Judge Morris. Specifically, Petitioner's objections consist of three new arguments for why trial counsel was ineffective and one new argument for why this Court abused its discretion. *See supra* Part II.C. As the Government correctly notes, "absent compelling reasons, [the Magistrate Judge Act, 28 U.S.C. § 631 et. seq.,] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." ECF No. 481 at PageID.2339 (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Such a newly raised claim "is deemed waived." *Ward v. United States*, 208 F.3d 216 (6th Cir. 2000) (unpublished table decision); *see also United States v. Spicer*, No. 15-CR-20162, 2017 WL 3328147, at *2 (E.D. Mich. Aug. 4, 2017) (holding that § 2255 petitioner had "waived his ability to assert [new] claims through objections to a report and recommendation" by "failing to raise [them] in his original petition").

Petitioner has not offered any compelling explanation for why his four new arguments were not raised before Judge Morris. He states only that his original claims "were not adequately presented by the inmate legal aide assisting him [at the time.]" ECF No. 529 at PageID.2823. But "ignorance of the law, despite a litigant's pro se status, is no excuse for failure to follow established legal requirements." *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002). Nearly six months transpired between when Petitioner filed his motion to vacate and when he objected to the First Report. During that time, he never sought leave to amend his motion or otherwise raise the four new arguments—even though the factual basis for those arguments must have been known to

- 9 -

him when he filed his motion to vacate. Accordingly, Petitioner's bare assertion of subpar advice does not excuse his delay; his objections to the First Report will be overruled.

## B.

Petitioner's objections to the Second Report will also be overruled. Petitioner does not object to Judge Morris's recommendations regarding his motion for appointment of counsel or his motion for discovery materials. *See* ECF No. 529. He only objects to her recommendation regarding his motion for leave to amend. *Id.* at PageID.2823. But that objection does little more than recite the argument that this Court abused its discretion in applying the leadership enhancement, which is one of the four new arguments discussed in Part III.A., *supra*. *See id.* at PageID.2826. Thus, to the extent Petitioner's objections to the Second Report recite his objections to the First Report, they must be overruled.

Confusingly, Petitioner also argues that his objections to the First Report should not be disregarded for being late. *See id.* at PageID.2824–26. But he did not file his objections late, and they have not been disregarded as such. Rather, Petitioner's objections to the First Report will be overruled because they raise arguments that should have been raised before Judge Morris, not because they were filed late. *See supra* Part III.A.

Finally, after reviewing Petitioner's Motion for Leave to Amend de novo, this Court finds that an amendment is unwarranted under Federal Rule of Civil Procedure 15.[7] As a threshold matter, Petitioner does not explain how he intends to amend his objections; he states only that he "mistakenly omitted details in his prior objections regarding his ineffective assistance of counsel

---

[7] In referring Petitioner's Motion for Leave to Amend to Judge Morris, this Court inadvertently created a somewhat unusual situation, as Judge Morris was required to consider a motion to amend objections to her own report. In an abundance of caution for Petitioner's rights under Rule 72, this Court has reviewed Petitioner's Motion for Leave to Amend and all related parts of the record de novo.

claims." ECF No. 490 at PageID.2616. Under the Local Rules, "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." E.D. Mich. L.R. 15.1. Although a "[f]ailure to comply with this Rule is not grounds alone for denial of the motion," the lack of any proposed amendment or explanation on behalf of Petitioner renders a meaningful analysis under Rule 15 impossible.  Further, even if Petitioner had proposed definite amendments, it would be futile to allow him to amend arguments that he has waived. *See Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (noting that motion for leave to amend may be denied where amendment would be futile).

Accordingly, Petitioner's objections to the Second Report will be overruled.

### IV.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b); *see also United States v. Galvez-Gomez*, No. 18-CR-20035, 2020 WL 3172633, at *1 (E.D. Mich. June 15, 2020) ("When a district judge enters a final order which is adverse to a defendant in a § 2255 action, it must also issue or deny a certificate of appealability."). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

According to the Supreme Court, the requisite "substantial showing" varies depending on whether the petition was denied on the merits or on procedural grounds:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of

the denial of a constitutional right and that jurists of reason would find it debatable
whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the discussion in Part III, *supra,* reasonable

jurists would not debate the correctness of this Court's substantive or procedural rulings. For that

reason, a certificate of appealability will not issue. Petitioner will also be denied leave to proceed

in forma pauperis on appeal, as any appeal would be frivolous. *See* FED. R. APP. P. 24(a).

### V.

Accordingly, it is **ORDERED** that Petitioner's Objections to Judge Morris's February 9,

2021 Report and Recommendation, ECF No. 478, and to Judge Morris's October 5, 2021 Report

and Recommendation, ECF No. 529, are **OVERRULED**.

Further, it is **ORDERED** that Judge Morris's February 9, 2021 Report and

Recommendation, ECF No. 469, and October 5, 2021 Report and Recommendation, ECF No. 524,

are **ADOPTED**.

Further, it is **ORDERED** that Petitioner's Motion to Vacate Sentence Under 28 U.S.C. §

2255, ECF No. 422, and the duplicate motion, ECF No. 446, are **DENIED**.

Further, it is **ORDERED** that Petitioner's Motion for Appointment of Counsel, ECF No.

489, Motion for Leave to Amend, ECF No. 490, and Motion for Discovery Material, ECF No. 505,

are **DENIED**.

Further, it is **ORDERED** that Respondent's Motion to Strike, ECF No. 481, is **DENIED**

**AS MOOT.**

Further, it is **ORDERED** that that a certificate of appealability is **DENIED**.


Dated: November 29, 2021                              s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge