# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: June 23, 2022

Mr. Devitri Deshaune Santos
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Mr. Timothy Michael Turkelson
Office of the U.S. Attorney
600 Church Street
Suite 210
Flint, MI 48502

Re: Case No. 21-1842, *Devitri Santos v. USA*
Originating Case No. : 1:20-cv-12808 : 1:18-cr-20719-3

Dear Sir or Madam,

The Court issued the enclosed Order today in this case. Judgment to follow.

Sincerely yours,

s/C. Anthony Milton
Case Manager
Direct Dial No. 513-564-7026

cc: Ms. Kinikia D. Essix

Enclosure

No mandate to issue

No. 21-1842

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 23, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| DEVITRI DESHAUNE SANTOS, | ) |
|     Petitioner-Appellant, | ) |
| v. | )    O R D E R |
| UNITED STATES OF AMERICA, | ) |
|     Respondent-Appellee. | ) |

Before: READLER, Circuit Judge.

Devitri DeShaune Santos, a pro se federal prisoner, appeals the district court's judgment denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence and its order denying his motion for leave to amend his motion to vacate. Santos moves the court for a certificate of appealability (COA).

In October 2018, the grand jury in the Eastern District of Michigan indicted Santos and others for conspiring to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one). Santos was also charged with conspiracy to possess with intent to distribute and to distribute cocaine base, also in violation of §§ 846 and 841(a)(1) (count two), and using a communication facility to commit a felony, in violation of 21 U.S.C. § 843(b) (count five). In January 2019, the government filed an information under 21 U.S.C. § 851 to increase Santos's statutory maximum sentence based on a 2008 conviction in Michigan for delivery or manufacture of less than 50 grams of narcotics.

In July 2019, Santos entered into an agreement with the government to plead guilty to count one. In the statement of facts supporting his guilty plea, Santos admitted "that he was an organizer of one or more of the participants in the conspiracy to distribute cocaine and that the conspiracy to distribute cocaine involved five or more participants." The parties attached to the plea agreement

a worksheet setting forth their calculation of Santos's sentencing range.  They disputed whether Santos possessed a dangerous weapon during the conspiracy, which would have increased his sentencing range by two levels under USSG § 2D1.1(b)(1).  But the parties agreed that Santos was subject to a four level increase pursuant to USSG § 3B1.1(a), which applies "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  And during his change-of-plea hearing, Santos acknowledged that he was an organizer of one or more participants in a conspiracy that involved five or more participants.

The district court apparently sustained Santos's objection to the dangerous weapon enhancement and imposed a term of 160 months of imprisonment and eight years of supervised release, which was in the guideline range contemplated by the plea agreement without this enhancement.  Santos did not appeal.

In September 2020, Santos filed a § 2255 motion in the district court.  Pointing out that the terms "leader" and "leadership role" do not appear in the plea agreement, Santos claimed that he was denied the effective assistance of counsel because his attorney did not discuss or explain to him that he was subject to a "leadership role" enhancement to his sentence.  Santos asserted that, had his attorney explained to him that a leadership enhancement might apply to his sentence, he would have decided to go to trial.  The government opposed Santos's motion and filed the affidavit of Santos's attorney, who stated that he and Santos discussed the leadership-role enhancement, Santos specifically asked him to delete it from the plea agreement, and the government refused.

A magistrate judge issued a report and recommendation that concluded that Santos's ineffective-assistance claim was meritless, pointing out the places in the record that demonstrated Santos's knowledge and awareness that his sentencing range was going to be increased for being an organizer or leader of the conspiracy.

Santos filed objections to the report and recommendation, but instead of addressing the magistrate judge's resolution of his ineffective assistance claim, he raised two new ineffective-assistance claims and a claim that the evidence was insufficient for the district court to apply a leadership-role enhancement.  The government moved the court to strike Santos's new claims.

Santos also moved the district court for leave to amend his claims, for discovery, and for appointment of counsel.

Upon referral by the district court, the magistrate judge issued a second report that recommended that the court deny each of Santos's motions and deny the government's motion to strike Santos's new claims as unnecessary. In his response to this report and recommendation, Santos withdrew his new ineffective-assistance claims and his motion for discovery. Nevertheless, Santos argued that he had shown good cause for amending his claims, and he continued to assert that the evidence was insufficient for the district court to apply the leadership-role enhancement.

The district court overruled Santos's objections to both of the magistrate judge's reports and recommendations. As to the first report and recommendation, the court found that Santos had improperly raised new claims for relief from his sentence in his objections and that he had forfeited these claims by not presenting them in his original motion to vacate. As to the second report and recommendation, the court found that granting Santos leave to amend would be futile in view of his failure to explain how he intended to amend his claims and the fact that he had waived any new claim by not presenting it in his initial motion to vacate. The district court therefore denied Santos's motions to vacate, to amend his motion to vacate, for discovery, and for appointment of counsel, and denied as moot the government's motion to strike. The court denied Santos a COA.

Santos has filed a COA application in this Court, seeking appellate review of two issues only. First, Santos asserts an entirely new ineffective-assistance claim. He now argues that his attorney performed ineffectively by not objecting to the district court's imposition of a leadership-role enhancement on the ground that it violated his Sixth Amendment right to a jury trial by increasing his sentence based on judge-found facts, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). Second, Santos contends that he lacked fair notice that a leadership-role enhancement would apply to his sentence. This argument fits roughly into Santos's original claim that his attorney failed to advise him that he was subject to this sentencing enhancement.

By limiting his COA application to these two issues, Santos has forfeited appellate review of the district court's disposition of his other claims and motions. *See Jackson v. United States*, 45 F. App'x 382, 385 (6th Cir. 2002) (per curiam). And Santos cannot raise his *Apprendi/Alleyne* claim for the first time in his COA application. *See Dillard v. Burt*, 194 F. App'x 365, 369 (6th Cir. 2006).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Santos must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Santos has also forfeited appellate review of his claim that his attorney performed ineffectively by failing to advise him of the leadership-role enhancement by not filing a proper objection to the magistrate judge's recommendation to deny this claim. *See Berry v. Warden, S. Ohio Corr. Facility*, 872 F.3d 329, 335 (6th Cir. 2017) (citing *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981)).

And even if Santos had not forfeited this claim, reasonable jurists would not debate the district court's conclusion that it was meritless. The record plainly refutes Santos's contention that he was unaware that a § 3B1.1(a) enhancement applied to his Sentencing Guidelines range. As the magistrate judge found, Santos stipulated in the plea agreement that he was an organizer of the conspiracy, the plea agreement's calculation of his sentencing range included the applicable four-level enhancement, and he acknowledged during his change-of-plea colloquy that the enhancement applied. Although Santos was correct that the plea agreement does not include the terms "leader" or "leadership role," the sentencing range calculation worksheet attached to the plea agreement cites § 3B1.1(a). As mentioned above, § 3B1.1(a) states that this enhancement applies if the defendant was an "organizer or leader" of the offense. The plea agreement's citation to this section was sufficient to give Santos notice that he was subject to a "leadership role" enhancement. *Cf. United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992) (holding that the indictment's citation

No. 21-1842
- 5 -

to the relevant statute gave the defendant sufficient notice of the elements of the offense).  Finally, Santos cannot establish that he was prejudiced by his attorney's representation in plea negotiations simply by asserting that he would have insisted on going to trial had he known that this enhancement applied.  Ineffective assistance of counsel involves an objective test that requires Santos to demonstrate that rejecting the plea bargain would have been rational under the circumstances.  *See Pilla v. United States*, 668 F.3d 368, 372-73 (6th Cir. 2012).  Santos's asserted subjective preference for declining the plea agreement does not satisfy this standard.

For these reasons, the court **DENIES** Santos's COA application.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk